PEREA and others, Adm'rs, etc., *v.* DE GALLEGOS.

Filed February 27, 1884.

FRAUDULENT CONVEYANCES—CREDITORS' BILL—AMENDMENT.
Where a husband, being insolvent, conveys real estate to his wife, who continues to hold the same after his death, a single creditor of the husband, who has obtained a judgment in the probate court against the estate, cannot by a bill in equity have the conveyance declared a trust for his benefit, and have a receiver turn the widow out during the pendency of the suit. It is, however, reversible error for the court, in sustaining a demurrer to such a bill, to dismiss the suit absolutely. An equity appearing from the allegations of the bill to have the conveyances set aside, on behalf of all the creditors, and the property applied to the payment of the debts, the complainant should have had leave to amend.

*Catron & Thornton,* for appellants.

*Breeden & Waldo,* for appellees.

BRISTOL, J. The record discloses the following facts:

Jose Leandro Perea, now deceased, filed a bill in equity in the lower court, during his life-time, against the appellee, Candelario Montoya de Gallegos.

A summary statement of so many of the material facts alleged in the bill as are necessary to be considered is in effect that in 1868 the appellee was married to and became the lawful wife of one Manuel Gallegos; that they lived together as man and wife until his death, which occurred about the year 1876; that for a long time prior to his death said Manuel Gallegos was insolvent, and had not property sufficient to pay more than one-third of his indebtedness; that prior to his death, and during such insolvency, and while he was indebted to various creditors to the amount of about $30,000, among which creditors was said Jose Leandro Perea, to the amount of about $4,000, the said Manuel Gallegos conveyed by deed to his said wife, now the appellee, certain pieces or parcels of real estate described in the bill; that said conveyance was executed without consideration, and for the purpose of covering up his property and defrauding his creditors; that at the date of the death of said Manuel Gallegos he was indebted to said Jose Leandro Perea to the amount of $10,809.40 on a judgment rendered by the probate court, and that the same is still due and unpaid; that the said Jose Manuel Gallegos left no estate out of which said indebtedness could be paid other than the real estate so, as aforesaid, conveyed to the appellee; that the appellee still holds and is possessed of said real estate under said conveyance, and is utterly insolvent and unable to respond in damages for rents, and profits. The prayer of the bill is that the appellee be declared a trustee, and to hold the said real estate so conveyed to her, and the rents and profits thereof in trust for the use and benefit of said Jose Leandro Perea until his said demand shall be fully paid off and discharged; that she be decreed to account for all rents, issues, and profits by her received from said real estate, to be applied towards such payment; that a receiver be appointed to take charge of said real estate, with authority to lease, rent, and manage the same and receive the rents, issues, and profits thereof pending the litigation, and that said real estate be sold and the proceeds applied on and towards the payment of the indebtedness so, as aforesaid due and unpaid to said Jose Leandro Perea.

A demurrer to the bill was interposed, the specific grounds of which are as follows:

"(1) The judgment upon which said complainant bases his right to bring said bill is not such a judgment as will support a bill of that nature. (2) There is not shown any privity to exist between the said complainant and the said defendant by which any trust has been created or can attach as against said defendant. (3) It does not appear from said bill that said complainant was in any way connected with the transactions by which defendant acquired the premises in question. (4) It does not appear in said bill that there is any judgment or lien in favor of said complainant upon, or any estate or interest of any kind whatsoever in, said premises, in said complainant, by reason whereof any trust can be implied in favor of or result to said complainant. (5) It does not appear by said bill that the complainant ever acquired any lien upon the said real estate, or that he obtained any judgment upon his alleged demand in the life-time of the said Jose Manuel Gallegos, so as to give him any right in or upon said real estate."

At this stage of the proceedings Jose Leandro Perea, the complainant, died, and upon his death, being suggested, the now appellants, Jesus Maria Perea, Mariano Perea, and Pedro Perea, as administrators of the estate of said Jose Leandro Perea, were substituted as complainants. The demurrer was heard and sustained by the court below, and a decree entered dismissing the suit. The case is here on appeal from that decree.

The only questions that are necessary to consider are whether, upon this demurrer, the suit ought to have been dissmissed absolutely so as to constitute a bar to any further proceedings in equity for relief, on the statement of facts contained in the bill; whether the appellants ought to have had leave to amend the prayer of their bill upon the demurrer being sustained; and, in case of dismissal, whether it ought not, at least, to have been "without prejudice." The facts alleged in the bill, if true, and the demurrer admits them to be true, clearly entitle the appellants to equitable relief, though perhaps not in the mode indicated in the prayer of the bill. It would not, under the circumstances, be equitable to turn the widow out and place a receiver in possession of the premises pending the determination of the suit. Neither can we see the propriety of treating the conveyance of the premises to the appellee, under the circumstances alleged in the bill, as creating a resulting trust in the appellee for the benefit of the appellants. If the conveyance is fraudulent as against creditors, as the allegations of the bill, if true, seem to indicate, it would be proper for a court of equity to entertain a suit for the purpose of annulling the conveyance as *against creditors* on the ground of fraud, and decreeing a sale of the premises and applying the proceeds to the payment of debts contracted by Manuel Gallegos, during his life-time, provided it appears that there is no personal estate out of which to pay the same. Probate courts have the undoubted right to pass upon and allow claims against the estates of deceased persons; but it is doubtful whether they have authority, or that the legislature, under the organic act,

can confer on such courts the authority, to entertain actions at law to recover judgments against administrators in sums mentioned in the bill and enforce the collection thereof by their own executions.

We are of the opinion that the decree rendered by the court below, dismissing the suit *absolutely*, ought to be reversed and the cause remanded to the court below, with directions to grant leave to the appellants to amend the bill, and thereupon to proceed according to the regular course and practice in equity to a final decree; the parties to pay their own costs of the appeal, respectively; and it is so ordered.

BELL, J. I concur.